**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES M. DIGGS, SR.,

      Petitioner - Appellant,

v.

MIKE MULLIN, Warden,

      Respondent - Appellee.

No. 02-5045
(D.C. No. 01-CV-74-E)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

---

In September 1996, Petitioner-Appellant Charles M. Diggs, Sr., was convicted in Oklahoma state court after entering pleas of guilty to one count of escape from a penal institution after a former conviction of two or more felonies, and two counts of bail jumping after former conviction of two or more felonies. He was sentenced to two concurrent twenty-year terms of imprisonment.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding pro se, Diggs applies for a certificate of appealability and appeals the district court's dismissal of his petition for writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. In his habeas petition, Diggs asserted two claims: (1) that his conviction for escape from a penal institution violates the Due Process Clause of the Fourteenth Amendment, and (2) that his conviction for bail jumping violates the Fifth Amendment's prohibition against double jeopardy.

Diggs' convictions became final on September 19, 1996 because he failed to move to withdraw his plea or to perfect a direct appeal within ten days of the entry of his Judgment and Sentence on September 9, 1996. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. Diggs took no action on his case until November 14, 1997, more than one year after his conviction became final, when he filed his first application for state post-conviction relief. On December 30, 1997, Diggs moved to dismiss without prejudice his petition for post-conviction relief. On May 18, 2000, Diggs filed a second application for state post-conviction relief. This second application was denied by the state district court on September 12, 2000. The denial of post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals on January 8, 2001. Finally, on January 31, 2001, Diggs filed his federal habeas petition. The district court dismissed Diggs' petition by concluding that no tolling events arose within one year after his conviction became final and,

consequently, the petition was barred by the applicable one-year statute of limitations.  See 28 U.S.C. § 2244(d).

For substantially the reasons given by the district court, we DENY a certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge